**CT Corporation**

**Service of Process Transmittal**
10/13/2021
CT Log Number 540414805

**TO:** Kim Lundy- Email
Walmart Inc.
702 SW 8TH ST
BENTONVILLE, AR 72716-6209

**RE:** **Process Served in Georgia**

**FOR:** WALMART INC.  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Re: Swanson Sylvia // To: WALMART INC. |
| **DOCUMENT(S) SERVED:** | Summons, Complaint , Certificate(s), First Interrogatories, Information Form(s) |
| **COURT/AGENCY:** | Gwinnett County State Court, GA<br>Case # 21C073815 6 |
| **NATURE OF ACTION:** | Personal Injury - Slip/Trip and Fall - 11/15/2019, Walmart Store located at 4221 Atlanta Highway, Loganville, GA, 30052 |
| **ON WHOM PROCESS WAS SERVED:** | The Corporation Company (FL), Cumming, GA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 10/13/2021 at 14:40 |
| **JURISDICTION SERVED :** | Georgia |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service, exclusive of the day of service (Document(s) may contain additional answer dates) |
| **ATTORNEY(S) / SENDER(S):** | Mathew K. Titus<br>Titus Law, LLC<br>5755 N Point Pkwy., Suite 88<br>Alpharetta, GA 30022<br>770-416-8426 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 10/14/2021, Expected Purge Date: 10/19/2021<br><br>Image SOP |
| **REGISTERED AGENT ADDRESS:** | The Corporation Company (FL)<br>106 Colony Park Drive<br>STE 800-B<br>Cumming, GA 30040<br>877-564-7529<br>MajorAccountTeam2@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

E-FILED IN OFFICE - RJ
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
21-C-07381-S6
10/11/2021 3:41 PM
TIANA P. GARNER, CLERK

## IN THE STATE COURT OF GWINNETT COUNTY

## STATE OF GEORGIA

Sylvia Swanson

_____

_____

_____

PLAINTIFF

VS.

**Walmart Inc., Wal-Mart Stores East,**

**LP,  and Wal-Mart Realty Company**

_____

DEFENDANT

CIVIL ACTION    21-C-07381-S6
NUMBER:_____

## SUMMONS

Walmart Inc.,
RA: The Corporation Company
TO THE ABOVE NAMED DEFENDANT: 106 Colony Park Drive, Suite 800-B
Cumming, GA 30040

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

Mathew K. Titus
5755 N Point Pkwy
Suite 88
Alpharetta, GA 30022                                                                    ∎

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

                              11th day of October, 2021
This _____ day of _____ , 20 **21** .

                                        TIANA P. GARNER

                                        ~~Richard T. Alexander, Jr.,~~
                                        **Clerk of State Court**

                                        By _____
                                                    **Deputy Clerk**

INSTRUCTIONS: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.

SC-1 Rev. 2011

E-FILED IN OFFICE - RJ
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**21-C-07381-S6**
**10/11/2021 3:41 PM**
TIANA P. GARNER, CLERK

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

SYLVIA SWANSON,

     Plaintiff,

v.

**WALMART INC., WAL-MART
STORES EAST, LP, and WAL-MART
REALTY COMPANY,**

     Defendants.

**JURY TRIAL DEMANDED**

**CIVIL ACTION FILE
NO. _____**

21-C-07381-S6

## COMPLAINT

Sylvia Swanson, Plaintiff in the above-styled civil action, files her Complaint against

Defendants and shows this Court the following:

### PARTIES AND JURISDICTION

1.

Plaintiff Sylvia Swanson (Plaintiff") is a citizen of the State of Georgia.

2.

Defendant Walmart Inc. (hereinafter referred to as "Defendant Walmart") is a Foreign

Corporation organized under the laws of a state of Georgia, is authorized to do business in Georgia, is

subject to the jurisdiction of this Court for purposes of this lawsuit and may be served through its

registered agent for service of process, The Corporation Company, 106 Colony Park Drive, Suite 800-

B, Cumming, GA 30040.

3.

Defendant Wal-Mart Stores East, LP (hereinafter referred to as "Defendant Wal-Mart

Stores") is a Foreign Profit Corporation organized under the laws of a state of Georgia, is authorized

to do business in Georgia, is subject to the jurisdiction of this Court for purposes of this lawsuit and

may be served through its registered agent for service of process, The Corporation Company, 106 Colony Park Drive, Suite 800-B, Cumming, GA 30040.

4.

Defendant Wal-Mart Realty Company (hereinafter referred to as "Defendant Wal-Mart Realty") is a Foreign Profit Corporation organized under the laws of a state of Georgia, is authorized to do business in Georgia, is subject to the jurisdiction of this Court for purposes of this lawsuit, and may be served through its registered agent for service of process, The Corporation Company, 106 Colony Park Drive, Suite 800-B, Cumming, GA 30040.

5.

Venue in this case is proper in this County and Court under O.C.G.A. § 14-2-510(b)(3) because the incident occurred in Gwinnett County, Georgia.

## STATEMENT OF FACTS

6.

On or about November 15, 2019, Defendant Walmart invited the consuming public, such as Plaintiff, to shop at the Defendant Walmart store located at 4221 Atlanta Highway, Loganville, GA 30052.

7.

At all times relevant hereto, said Defendants Walmart were actively in control of the retail location of 4221 Atlanta Highway, Loganville, GA 30052.

8.

On November 15, 2019, and all times relevant herein, Defendants were required to exercise reasonable care and inspection when providing products and services in the retail grocery store facility to guests, invitees and the consuming public, including Plaintiff.

9.

Plaintiff was in the Walmart store for the purposes connected with Defendants' businesses and therefore, has the status of an invitee.

10.

On November 15, 2019, and at all times relevant herein, Plaintiff was an invited guest at the Walmart store and was lawfully on the premises as a member of the consuming public.

11.

While at the aforesaid Walmart store, Plaintiff fell in the parking lot walking towards the entrance due to a deep hole in the parking lot. Plaintiff fell with such force, causing serious bodily injuries and damages to Plaintiff, including, but not limited to her left hip, back, left knee, and other trauma, disability and dysfunction.

## COUNT ONE – NEGLIGENCE

12.

Plaintiff realleges and incorporates by reference paragraphs 1 through 10 above as if they were fully restated verbatim herein.

13.

Plaintiff shows that the aforesaid fall was proximately caused by the Defendants' negligent acts and omissions including, but not limited to the following:

a) Immediately prior to the aforesaid incident, Defendants failed to properly maintain and inspect the premises;

b) Immediately prior to the aforesaid incident, defendants failed to keep the premises free from hazards and suitable for the purpose intended;

c) Immediately prior to the aforesaid incident, Defendants failed to warn Plaintiff, as well as the consuming public, of the dangerous condition on the premises;

Page 3 of 7

d) Immediately prior to the aforesaid incident, Defendants failed to take any precautions and/or proper design to prevent injury to Plaintiff;

e) Immediately prior to the aforesaid incident, Defendants failed to properly mark or identify the hazardous area as to not constitute a danger to those who had lawful occasion to stand, walk, visit and/or traverse thereon;

f) Immediately prior to the aforesaid incident, Defendants failed to exercise due care for Plaintiff's safety, as well as the negligent hiring and training of employees, maintenance workers, servants and agents with regard to the hazardous condition of the premises;

g) Any and all negligent acts and omissions which may be shown at trial including superior knowledge of the defect at issue.

14.

All the injuries and damages to Plaintiff as stated herein are due to the negligence of Defendants and said negligence is the direct and proximate cause of the injuries, and damages to Plaintiff, unmixed with any negligence on the part of Plaintiff.

15.

Plaintiff was free from any fault or negligence.

16.

At all times, Plaintiff was keeping a proper lookout and exercising due care for her own safety. Plaintiff was not at any time aware of the negligent, defective conditions created/maintained and allowed to exist by Defendants.

17.

Defendants had actual and/or constructive superior knowledge of the instrumentality, danger and hazardous condition that proximately caused Plaintiff's fall and injuries.

18.

As a direct and proximate result of the breaches of duty by Defendant, Plaintiff suffered injuries and damages, including medical and other necessary expenses, and mental and physical pain and suffering. These injuries are permanent, and, in the future, Plaintiff will suffer medical and other necessary expenses, and mental and physical pain and suffering. Plaintiff's medical expenses to date total $148,597.58.

19.

By reason of the foregoing, Plaintiff is entitled to recover compensatory and other damages from Defendant in an amount to be proven at trial.

## COUNT TWO
## PREMISES LIABILITY

20.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 19 above as if fully restated.

21.

Plaintiff was an invitee on the premises at the time of the fall.

22.

Defendants owed a nondelegable duty of reasonable care in keeping the premises safe for invitees such as Plaintiff.

23.

Defendants were negligent in failing to properly inspect the area where the fall occurred, in failing to remove the hazard from the parking lot, in failing to take adequate measures to protect invitees from defects in the walking area nd in failing to keep the premises safe for invitees.

24.

Defendants' negligence was the proximate cause of Plaintiff's injuries.

25.

At all times relevant to this action, the individuals responsible for inspecting, cleaning and maintaining the area where Plaintiff fell were employed by Defendants and were acting within the scope of their employment.

26.

Defendants are responsible for the conduct of these individuals under the doctrine of *respondeat superior*, and other agency principles.

## COUNT III
## NEGLIGENT HIRING, TRAINING & SUPERVISION

27.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 27 above as if fully restated.

28.

Defendants were negligent in failing to adopt appropriate policies and procedures to make sure that appropriate inspections, cleaning and maintenance were performed on the premises and in failing to train its employees concerning safety procedures for inspecting, cleaning and maintaining the premises.

29.

Defendants were negligent in training and supervising their staff.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully pray and demand as follows:

1.     That Process and Summons issue, as provided by law, requiring Defendants to appear

Page 6 of 7

and answer Plaintiff's Complaint;

2.   That service be had upon Defendants as provided by law;

3.   Under Count One, Two, and Three that the Court award and enter a judgment in favor of Plaintiff and against Defendants, jointly and severally, for damages in an amount to be proven at trial;

4.   That Plaintiff have a trial by a jury as to all issues; and,

5.   That Plaintiff have such other and further relief as the Court may   deem   just   and proper.

This 11th day of October, 2021.

Respectfully submitted,

TITUS LAW, LLC

/s/ Mathew K. Titus
MATHEW K. TITUS
Georgia Bar No. 479107
**Counsel for Plaintiff**

TITUS LAW, LLC
5755 North Point Parkway Suite 88
Alpharetta, GA 30022
Telephone:  770.416.8426
Facsimile:   770.818.5545
mathew@titus-law.com

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

SYLVIA SWANSON,

     Plaintiff,

v.

WALMART INC., WAL-MART
STORES EAST, LP, and
WAL-MART REALTY COMPANY,

     Defendants.

JURY TRIAL DEMANDED

CIVIL ACTION FILE
NO. 21-C-07381-S6

## PLAINTIFF'S FIRST INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT WALMART INC.

NOW COMES, Sylvia Swanson, Plaintiff in the above-styled action, and pursuant to O.C.G.A. Sections 9-11-33 and 9-11-34, submits to Walmart, Inc., Defendant, for response within forty-five days after service hereof, in the form provided by law, the following Interrogatories and Request for Production of Documents, the same being continuing in nature, requiring a supplemental response upon the discovery of other or further information or documents affecting your response hereto. In responding, you are requested to answer fully and produce all documents available to you or in your possession or in the possession of any agent, insurer, investigator, or attorney acting in your behalf.

### DEFINITIONS

(a)    As hereinafter used, the term "incident" shall refer to the incident giving rise to the Plaintiff's Complaint.

(b)    **As hereinafter used, the phrase "the area where Plaintiff's fall occurred" shall**

1

**refer to the parking lot area at the Defendant's store located at 4221, Atlanta, Highway, Loganville, GA 30052.**

(b)   "Documents" is an all-inclusive term referring to any written, recorded, graphic or pictorial matter, however produced or reproduced. The term "documents" includes, without limitation, correspondence, inter-office communications, minutes, reports, memoranda, notes, schedules, drawings, pictures, tables, graphs, charts, surveys, books of account, ledgers, invoices, receipts, purchase orders, contracts, bills, checks, drafts, recordings, and all other such documents, tangible or retrievable, of any kind. "Documents" includes any addenda, changes, additions or deletions made to any documents, and all drafts or preliminary versions of documents. "Documents" includes information maintained in any form, including computerized information and information stored electronically or optically. Such information that is not kept in hard copy shall be produced in hard copy in response to these requests to produce. If you contend that such a hard copy cannot be made, indicate in your response what information exist but cannot be produced.

(c)   "Tangible items" includes all items of any physical substance other than "documents".

(d)   "You" includes all persons acting on your behalf, including all employees, officers, agents, servants, attorneys, investigators, contractors, experts, technicians, and other persons acting on your behalf. "You" also includes all subsidiaries, parents or affiliated companies.

(e)   "Identify" means, with respect to documents: (1) describe the document and its

2

substance and do so sufficiently to allow for description in a subpoena or a request to produce; (2) state the date or dates of preparation, any title, and the preparer or preparers; (3) identify the custodian sufficiently to allow for production of the document by subpoena or a request to produce.

(f)     With respect to an individual, "identify" means to state: (1) his/her full name; (2) present residence address or last known residence address; (3) his/her present or last employer and address of such employer; (4) his/her home and business telephone numbers.

(g)     With respect to a firm, organization, trust, partnership, corporation, or other entity (except an individual), "identify" means: (1) state the name of the entity; (2) state the type of entity (whether a corporation, partnership, etc.); (3) state the address of its principal place of business and any business address in Georgia; and (4) identify its chief executive officer.

(h)     With respect to oral communications, "identify" means to: (1) state the identity of the person(s) participating in each such oral communications; (2) state the substance of such oral communication made by each person identified; (3) state the date and location of such oral communication.

## INSTRUCTIONS

Privilege: If an objection based on privilege is asserted, identify the document, tangible item, communication, or information as to which the privilege is claimed in a manner sufficient to allow a court to determine whether the asserted privilege properly applies.

Objections: If objections other than privilege are asserted, the statement of a general

3

objection is not sufficient. Set forth in any objection specifically and in sufficient detail to allow the Court to determine whether a Motion to Compel should be granted and the objection disallowed.

Information to be provided: In answering these interrogatories, you must furnish information that is available to "you". Please provide such information whether it is in your possession or not, whether you can vouch for its accuracy, or whether or not it constitutes hearsay. With regard to information you provide that you do not know is accurate, indicate that fact as part of your response to the interrogatory.

## I. **INTERROGATORIES**

1.

State the name, address, and telephone number of each individual:

(a) who witnessed the incident or the events occurring immediately before or after the incident;

(b) who heard any statements made about the incident by any individual at the scene;

(c) who you or anyone acting on your behalf have any knowledge of the incident;

(d) who you or anyone acting on your behalf have any knowledge of the Plaintiff's damages arising out of the incident.

2.

For each of your employees physically present at the time and place of the incident, please state:

(a) his or her name, address and telephone number;

(b) job title as of date of incident;

4

(c) whether she or he was on duty at the time of the incident;

(d) the job or function she or he was performing at the time of the incident;

(e) whether she or he is presently employed with the Defendant.

3.

Have you or anyone acting on your behalf interviewed any individual concerning the incident? If so, for each individual, please state:

(a) the name, address, and telephone number of the individual interviewed;

(b) the date of the interview;

(c) the name, address, and telephone number of the person who conducted the interview.

4.

Have you or anyone acting on your behalf obtained a written or recorded statement from any individual, including the Plaintiff, concerning the incident? If so, for each statement state:

(a) the name, address, and telephone number of the individual from whom the statement was obtained;

(b) the name, address, and telephone number of the individual who obtained the statement;

(c) the date the statement was obtained;

(d) the name, address, and telephone number of each person who has the original statement or a copy.

5.

Does the Defendant have the original or copy of any accident reports prepared by Plaintiff or any person employed by Defendant or any person acting on Defendant's behalf pertaining to the accident alleged in the Complaint? If so, please state:

5

(a) The company form number, and date of any such reports and the name of the person who completed such report;

(b) Whether or not Plaintiff received a copy of said report.

6.

State whether any investigations or other reports were prepared, compiled, submitted, or made by or on behalf of the Defendant in the regular course of business as a result of this incident.

7.

If the answer to the foregoing interrogatory is in the affirmative, enumerate and identify the same by date, subject matter, name, address, and job classifications of the person or persons making or rendering same, and the name and address of the person or persons to whom addressed and/or directed, and the name, address and present whereabouts of the person who has present custody and/or control thereof and the purpose of such preparation.

8.

Please state whether or not a surveillance video camera was operating on the premises at the time of the incident, which forms the subject matter of Plaintiff's Complaint. If your answer is yes, please state:

(a)   Whether the camera recorded any portion of the incident complained of or events immediately thereafter;

(b)   The present location of any videotape or digital recording which recorded any portion of the incident complained of or any events immediately thereafter;

(c)   Your policy for retaining and maintaining videotapes or digital recordings of injuries which occur on your premises.

6

9.

As to the area where Plaintiff's fall occurred, please state:

(a)     the name(s) and address of the person(s) who was charged with the responsibility of sweeping, mopping, cleaning or maintaining that area on November 15, 2019;

(b)     the complete name(s) and address(es) of the person(s) who was charged with the responsibility of inspecting that area on November 15, 2019;

(a)     the complete name and address of the entity who employed the person(s) identified in subparts (b) and (c) above;

(d)     if said person(s) is employed by an entity other than the Defendant, the nature of said entity's relationship to the Defendant (i.e. landlord, subsidiary, independent contractor, etc.);

(e)     identify all documents which record, document, or relate to the duties and responsibilities for the inspection, sweeping, mopping, cleaning or maintaining of that area on November 15, 2019;

(f)     identify all documents which record or document any actual inspection, sweeping, mopping, cleaning, or maintaining of that area on November 15, 2019.

10.

State the name and address of each person you expect to call as an expert witness at the time of the trial and as to each such witness please advise the subject matter upon which the expert is expected to testify, the substance of the facts and opinions to which the expert is expected to testify and a summary of the grounds for the opinions of such expert.

7

11.

State the name and address of any expert who is known to you who may have any information or opinion concerning any matter which may be involved in the within lawsuit, including, but not limited to any expert with whom you have discussed any matter relating to this case, whether or not such person is, or is not, expected to be called as a witness at trial.

12.

Please identify each insurance policy or policies, which would be or may be used to satisfy or indemnify part or all of the judgment, which may be entered in this case, including:

(a) the writer of said policy or policies;

(b) the local agent or representative who sold said policy or policies;

(c) the policy number or numbers;

(d) the policy coverage limits;

(e) the named insured or insureds.

13.

Please state whether or not there was any excess liability or "umbrella" insurance policy in effect as of November 15, 2019 which would be or may be used to satisfy or indemnify part or all of the judgment which may be entered in this case, including:

(a) the writer of said policy or policies;

(b) the local agent or representative who sold said policy or policies;

(c) the policy number or numbers;

(d) the policy coverage limits;

(e) the named insured or insureds.

8

14.

Please identify each manager of the Defendant's store located at 4221 Atlanta Highway,

Loganville, GA 30052 who was on duty on November 15, 2019, including:

(a) His or her name, address and telephone number;

(b) The beginning and ending times of each manager's shift;

(c) Whether each manager is presently employed with the Defendant.

## II. REQUEST FOR PRODUCTION OF DOCUMENTS

1.

All statements identified in response to Plaintiff's interrogatory number 4.

2.

All reports identified in response to Plaintiff's interrogatory number 5.

3.

All reports identified in response to Plaintiff's interrogatory number 6.

4.

All surveillance videotapes or digital recordings, which recorded any events at the

Defendant's store, located at 14221 Atlanta Highway, Loganville, GA 30052, Georgia on

November 15, 2019.

5.

Any and all photographs and/or videotapes or digital recordings, which recorded any

portion of the event complained of or any events immediately thereafter.

6.

Any reports or records provided to you by any expert witness identified in response to

9

Interrogatory No. 10.

7.

Any reports or records provided to you by any expert witness identified in response to Interrogatory No. 11.

8.

The entire employee personnel file of the employee or employees identified in your response to interrogatory numbers 2(a), 9(a), 9(b), and 14.

9.

All documents, which reflect, document, or relate to any inspection, sweeping, cleaning, mopping or maintenance of the area where Plaintiff's fall occurred on November 15, 2019.

10.

All documents and things, including but not limited to training manuals, policy manuals, videotapes, CD-ROMs, DVDs, bulletins, memoranda, or policy manuals, which contains the Defendant's policy for the periodic inspection, sweeping, cleaning, mopping or maintenance of the floors of its stores as of November 15, 2019.

This **11th** day of October, 2021.

Respectfully submitted,

TITUS LAW, LLC

/s/ Mathew K. Titus
MATHEW K. TITUS
Georgia Bar No. 479107
**Counsel for Plaintiff**

TITUS LAW, LLC
5755 North Point Parkway Suite 88

10

Alpharetta, GA 30022
Telephone:  770.416.8426
Facsimile:  770.818.5545
mathew@titus-law.com

E-FILED IN OFFICE - RJ
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
21-C-07381-S6
10/11/2021 3:41 PM
TIANA P. GARNER, CLERK

## General Civil and Domestic Relations Case Filing Information Form

☐ Superior or ☒ State Court of __Gwinnett_____   _____ County

| For Clerk Use Only | | 21-C-07381-S6 |
|---|---|---|
| Date Filed _____ <br> MM-DD-YYYY | Case Number _____ | |

**Plaintiff(s)**

| Swanson, | Sylvia | | | |
|---|---|---|---|---|
| Last | First | Middle I. | Suffix | Prefix |

| | | | | |
|---|---|---|---|---|
| Last | First | Middle I. | Suffix | Prefix |

| | | | | |
|---|---|---|---|---|
| Last | First | Middle I. | Suffix | Prefix |

| | | | | |
|---|---|---|---|---|
| Last | First | Middle I. | Suffix | Prefix |

**Defendant(s)**

| Walmart Inc. | | | | |
|---|---|---|---|---|
| Last | First | Middle I. | Suffix | Prefix |

| Wal-Mart Stores East, LP | | | | |
|---|---|---|---|---|
| Last | First | Middle I. | Suffix | Prefix |

| Wal-Mart Realty Company | | | | |
|---|---|---|---|---|
| Last | First | Middle I. | Suffix | Prefix |

| | | | | |
|---|---|---|---|---|
| Last | First | Middle I. | Suffix | Prefix |

**Plaintiff's Attorney** __Mathew Titus_____   **State Bar Number** __479107____   **Self-Represented** ☐

Check one case type and one sub-type in the same box (if a sub-type applies):

**General Civil Cases**

☐ Automobile Tort
☐ Civil Appeal
☐ Contempt/Modification/Other Post-Judgment
☐ Contract
☐ Garnishment
☒ General Tort
☐ Habeas Corpus
☐ Injunction/Mandamus/Other Writ
☐ Landlord/Tenant
☐ Medical Malpractice Tort
☐ Product Liability Tort
☐ Real Property
☐ Restraining Petition
☐ Other General Civil

**Domestic Relations Cases**

☐ Adoption
☐ Contempt
  ☐ Non-payment of child support, medical support, or alimony
☐ Dissolution/Divorce/Separate Maintenance/Alimony
☐ Family Violence Petition
☐ Modification
  ☐ Custody/Parenting Time/Visitation
☐ Paternity/Legitimation
☐ Support – IV-D
☐ Support – Private (non-IV-D)
☐ Other Domestic Relations

☐ Check if the action is related to another action pending or previously pending in this court involving some or all of the same: parties, subject matter, or factual issues. If so, provide a case number for each.

_____      _____
**Case Number**                **Case Number**

☒ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in OCGA § 9-11-7.1.

☐ Is a foreign language or sign-language interpreter needed in this case? If so, provide the language(s) required.

_____ **Language(s) Required**

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

**SYLVIA SWANSON,**

     Plaintiff,

**v.**

**WALMART INC., WAL-MART STORES EAST, LP, AND WAL-MART REALTY COMPANY,**

     Defendants.

**JURY TRIAL DEMANDED**

**CIVIL ACTION FILE NO. 21-C-07381-S6**

---

## ANSWER AND DEFENSES OF DEFENDANT WALMART INC., WAL-MART STORES EAST, LP AND WAL-MART REALTY COMPANY

COME NOW, Defendants Walmart Inc., Wal-Mart Stores East, LP, and Wal-Mart Realty Company (herein collectively referred to as "Walmart") and file and serve their Answer and Defenses, showing the Court as follows:

### First Defense

Plaintiff's Complaint, taken as a whole, may fail to state a claim against one or more Defendants upon which relief may be granted.

### Second Defense

Walmart preserves defenses as to lack of personal jurisdiction and improper venue as Walmart Inc. and Wal-Mart Realty Company have been improperly named as they do not own or operate this store and the proper Walmart entity is Walmart Stores East, LP. Walmart further preserves its right of removal of this matter as federal diversity jurisdiction and venue lies in the Middle District of Georgia, Columbus Division.

### Third Defense

Plaintiff's alleged injuries and damages were caused or contributed to by Plaintiff's own

actions.

### Fourth Defense

Walmart denies that it or its agents or employees were negligent in any way in connection with the incident which is the subject of this litigation.

### Fifth Defense

Plaintiff may not recover against Walmart because no act or omission of Walmart was the legal cause or the proximate precipitating cause of Plaintiff's alleged injuries and damages.

### Sixth Defense

Walmart asserts the defenses of contributory and comparative negligence.

### Seventh Defense

Walmart breached no duty owed to Plaintiff.

### Eighth Defense

Walmart denies any and all allegations regarding failure to warn.

### Ninth Defense

Walmart denies any and all allegations regarding negligent hiring, retention, training or supervision.

### Tenth Defense

Plaintiff may not recover against Walmart due to Plaintiff's equal or superior knowledge of any condition which she alleges resulted in this event.

### Eleventh Defense

Walmart denies any and all allegations regarding negligent inspection.

### Twelfth Defense

Plaintiff is not entitled to any special damages to the extent that Plaintiff has failed to

specifically plead them in accordance with O.C.G.A. § 9-11-9(g).

## Thirteenth Defense

Walmart asserts that fault must be apportioned to all at-fault parties in a manner consistent with Georgia law.

## Fourteenth Defense

Walmart reserves the right to assert all affirmative defenses available under the applicable rules of civil procedure.

## Fifteenth Defense

In answer to the specific allegations of Plaintiffs' Complaint, Walmart shows the Court as follows:

1.      Admitted.

2.      Admitted.

3.      Denied as pled. This entity is a foreign limited partnership.

4.      Admitted.

5.      Denied as pled. Walmart incorporates its Second Defense.

## STATEMENT OF FACTS

6.      Admitted.

7.      Denied as pled. Walmart incorporates its Second Defense.

8.      Denied as pled. Walmart shows that the legal duties owed Plaintiff in this matter are an issue for the Court to determine. Walmart denies any alleged breach of duty.

9.      Pending further investigation and discovery and to preserve defenses, denied as pled. Walmart shows that Plaintiff's legal status on the premises is an issue for the Court to determine.

10.     Pending further investigation and discovery and to preserve defenses, denied as pled. Walmart shows that Plaintiff's legal status on the premises is an issue for the Court to determine.

11.     Walmart admits Plaintiff fell in the store parking lot and that Plaintiff sustained injuries which will be the subject of discovery in this case. Walmart denies all other allegations and denies liability.

## COUNT ONE – NEGLIGENCE

12.     Walmart incorporates by reference its responses to Paragraphs 1 through 11 as if set out fully herein.

13.     Denied.

14.     Denied.

15.     Denied.

16.     Denied.

17.     Denied.

18.     Walmart admits Plaintiff fell in the store parking lot and that Plaintiff sustained injuries which will be the subject of discovery in this case. Walmart denies all other allegations and denies liability.

19.     Denied.

## COUNT TWO – PREMISES LIABILITY

20.     Walmart incorporates by reference its responses to Paragraphs 1 through 19 as if set out fully herein.

21.     Pending further investigation and discovery and to preserve defenses, denied as pled. Walmart shows that Plaintiff's legal status on the premises is an issue for the Court to

determine.

22.     Denied as pled. Walmart shows that the legal duties owed Plaintiff in this matter are an issue for the Court to determine. Walmart denies any alleged breach of duty

23.     Denied.

24.     Denied.

25.     Denied.

26.     Denied.

### COUNT III – NEGLIGENT HIRING, TRAINING & SUPERVISION

27.     Walmart incorporates by reference its responses to Paragraphs 1 through 19 as if set out fully herein.

28.     Denied.

29.     Denied.

30.     Walmart denies all allegations contained within Plaintiff's prayer for relief.

31.     Walmart denies all other allegations of the Complaint which have not been specifically responded to in the previous paragraphs.

**WALMART HEREBY DEMANDS TRIAL BY JURY REGARDING ANY ISSUES NOT SUBJECT TO SUMMARY ADJUDICATION.**

Having fully answered, Walmart prays that it be discharged with all costs cast against Plaintiff.

*[SIGNATURE PAGE OF COUNSEL FOLLOWS]*

Respectfully submitted, this 12th  day of November, 2021.

**DREW ECKL & FARNHAM, LLP**

*/s/ Douglas G. Smith, Jr.*

Hall F. McKinley, III
Georgia Bar No. 495512
Michael L. Miller
Georgia Bar No. 508011
Douglas G. Smith, Jr.
Georgia Bar No. 656005
***Attorneys for Walmart***

303 Peachtree Street, NE
Suite 3500
Atlanta, Georgia  30308
(404) 885-1400
mckinleyh@deflaw.com
millerm@deflaw.com
smithdg@deflaw.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing *Answer and Defenses* was served by e-mail and by filing through the Court's electronic e-file system which will deliver notification of same to the following counsel of record addressed as follows:

Mathew K. Titus
Titus Law, LLC
5755 North Point Parkway, Ste. 88
Alpharetta, GA 30022
mathew@titus-law.com
***Attorneys for Plaintiff***

This 12th  day of November 2021.

Respectfully submitted,

*/s/ Douglas G. Smith, Jr.*

_____

Douglas G. Smith, Jr.
Georgia Bar No. 656005

**DREW, ECKL & FARNHAM, LLP**
303 Peachtree Street, NE
Suite 3500
Atlanta, Georgia 30308
(404) 885-6147
smithdg@deflaw.com

12085647/1
05695-216734